BART M. DAVIS, ID STATE BAR NO. 2696
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, WA STATE BAR NO. 44452**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE ST., SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-9375
EMAIL: Bill.Humphries@usdoj.gov

Attorneys for the United States of America on behalf of the Internal Revenue Service

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In Re:

Tri-State Roofing,

Debtor.

Case No. 20-40188-JMM

Chapter 11 (Subchapter V)

**OBJECTION TO MOTION FOR CO-DEBTOR STAY**

COMES NOW, the United States of America on behalf of the Internal Revenue Service ("IRS") of the U.S. Department of Treasury, by and through Bart M. Davis, United States Attorney for the District of Idaho, and the undersigned Assistant United States Attorney, and objects to the Motion for Co-Debtor Stay (ECF No. 11) ("Motion") filed by Tri-State Roofing, Inc. ("Debtor").  The IRS objects to the Motion because the relief requested is not appropriate under 11 U.S.C. § 105.  *See In re Am. Bicycle Ass'n*, 895 F.2d 1277, 1281 (9th Cir. 1990).

Debtor, a corporation, filed for bankruptcy on March 6, 2020.  The owners of the Debtor did not file bankruptcy, therefore they are not "co-debtors."

The IRS filed its proof of claim on March 20, 2020.  *See* Claim 1-1.  Debtor owes the IRS $273,793.43, as is set forth in the IRS's proof of claim.  *Id.*  Most of that claim, $239,726.65 to be exact, is a priority claim.  *Id.*  As can be seen from the IRS's proof of claim, much of the

**OBJECTION TO MOTION FOR CO-DEBTOR STAY - 1**

claim relates to Federal Insurance Contributions Act (FICA) and Federal Unemployment Tax Act (FUTA) liabilities.  Part of these taxes are those (such as employment taxes) that an employer like Debtor must withhold and submit to the IRS.  These are called trust fund taxes.  When trust fund taxes are not collected timely from a business like Debtor, a trust fund recovery penalty ("TFRP") may apply to responsible persons.  *See* 26 U.S.C. § 6672.  A TFRP investigation is done by the IRS in order to determine if a TFRP assessment against individuals is appropriate.  Mr. and Mrs. Rice may owe a TFRP and an investigation needs to be completed;[1] therefore, a stay against these individuals would prejudice the IRS both in its TFRP investigation and collection process against individuals that decided not to file bankruptcy.

Moreover, 11 U.S.C. § 105 cannot be used to enjoin or bar the IRS from collection of a TFRP from responsible persons.  *In re Am. Bicycle Ass'n*, 895 F.2d at 1281 ("We hold that the Anti–Injunction Act precludes a bankruptcy court from enjoining the IRS from collecting a 100% penalty assessed under 26 U.S.C. § 6672 against the responsible officer of a debtor corporation.");[2] *see also* 2 Collier on Bankruptcy P 105.04[d] (16th ed. 2020) ("[T]he anti-injunction provision of the Internal Revenue Code has been almost universally applied to bar such a use of section 105, at least for federal taxes. Unless and until a reasoned argument for a judicial exception to that section can be made and accepted, section 105 will not be available to enjoin the federal government's collection actions against insiders of the debtor.").

Lastly, Debtor fails to adequately justify a stay by stating that Mr. and Mrs. Rice "have personal debt associated with the business," and that "[t]his case includes those debts and it

---

[1] With the COVID-19 emergency, these investigations are on hold.
[2] The Anti-Injunction Act is codified at 26 U.S.C. § 7421(a) and states in relevant part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

**OBJECTION TO MOTION FOR CO-DEBTOR STAY - 2**

serves the purpose of the sub chapter to allow the Co-Debtor Stay while Debtor[] reorganize[s]." ECF No. 11.  This is a cursory and insufficient justification.  To boil down the argument, Debtor simply argues that because Mr. and Mrs. Rice have debts associated with the business, a stay should be put in place.  The justification is woefully inadequate, especially considering that Mr. and Mrs. Rice could file their own bankruptcy if they need relief.

For all these reasons, the IRS objects to the Motion.  The Court should deny the Motion, or at the very least provide that any stay does not apply to the IRS.

DATED this 2nd day of April, 2020.

>BART M. DAVIS
>UNITED STATES ATTORNEY
>By
>
>*/s/ William M. Humphries*
>WILLIAM M. HUMPHRIES
>ASSISTANT UNITED STATES ATTORNEY

**OBJECTION TO MOTION FOR CO-DEBTOR STAY - 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2020, the foregoing **OBJECTION TO MOTION FOR CO-DEBTOR STAY** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Aaron J. Tolson
ajt@aaronjtolsonlaw.com
*Attorney for Debtors*

Gary L. Rainsdon
trustee@filertel.com
*Trustee*

John T. Morgan
john.t.morgan@usdoj.gov
Office of the U.S. Trustee

David W. Newman
ustp.region18.bs.ecf@usdoj.gov
Office of the U.S. Trustee

*/s/ William M. Humphries*
William M. Humphries
Assistant United States Attorney

**OBJECTION TO MOTION FOR CO-DEBTOR STAY - 4**