# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>TRI-STATE ROOFING,<br><br>Debtor. | Bankruptcy Case<br>No. 20-40188-JMM<br><br>Chapter 11 |

### MEMORANDUM DECISION ON APPLICATION FOR SUBCHAPTER V TRUSTEE'S FEES AND EXPENSES

Before the Court is the Amended Application for Compensation and Reimbursement of Expenses (Dkt. No. 81) ("Application") submitted by Gary L. Rainsdon, the trustee appointed in this Chapter 11, Subchapter V case ("Trustee"). No party in interest has objected to the Application and the Trustee submitted a proposed order to this Court to grant it. This Memorandum Decision addresses issues the Court observed based on specific provisions of the Bankruptcy Code.

### *Discussion*

This Chapter 11 case was dismissed on November 12, 2020 (Dkt. No. 83) after the Trustee filed a motion to dismiss (Dkt. No. 70), which was supported by the United States Trustee (Dkt. No. 74) and then joined by the Debtor (Dkt. No. 79). No plan was ever confirmed in the case.

The Trustee is not a standing trustee and thus was not appointed pursuant to 28 U.S.C. § 586(b). Rather, the Trustee was appointed as a disinterested person to serve as

MEMORANDUM DECISION — 1

trustee in this case by the United States Trustee under 11 U.S.C. § 1183(a). Notice of that appointment was filed with the Court on March 10, 2020 (Dkt. No. 13). As stated above, the case was dismissed prior to the confirmation of a plan. In the event no plan is confirmed, 11 U.S.C. § 1194 authorizes the Trustee to deduct and pay certain sums before returning any funds collected from the Debtor. Pursuant to 11 U.S.C. §§ 1194(a)(1) and (3), these certain claims include any unpaid claim allowed under 11 U.S.C. § 503(b) and any fee that is owed to the Trustee.[1]

Section 503(b) addresses the allowance of administrative claims and subsection (b)(2) of that section specifically includes any compensation or reimbursement awarded under 11 U.S.C. § 330(a). Here, the Application filed by the Trustee seeks compensation under §§ 330(a) and 503(a) (Dkt. No. 81 at page 1). Notice was properly given in accordance with Fed. R. Bankr. P. 2002(a)(6) and the Trustee itemized $1,920.00 in fees incurred between April 20, 2020 and October 26, 2020. The Trustee did not seek reimbursement of any expenses in the Application. *Id.* Upon a review of the itemized fees and consideration of the factors under 11 U.S.C. § 330(a)(3), the Court concludes the compensation sought is reasonable. Despite that conclusion, however, there is a legal issue that must also be examined.

---

[1] The Trustee has not represented that there are any funds held by him to distribute. The Court presumes that because the Trustee is pursuing this award of compensation under § 330 to be allowed as an administrative expense, there is property of the estate still held by the Trustee to permit the distributions described in § 1194. Judge Terry L. Myers has previously held that administrative expense claims are not monetary judgments but rather entitle the claimant to receive a distribution from the bankruptcy estate. *In re Soelberg*, Case No 15-01355-TLM (Bankr. D. Idaho August 13, 2019) (citing *In re 3109, LLC*, 2014 WL 1655415 (Bankr. D.C. Apr. 25, 2014)). If there are no funds currently held by the Trustee, it is difficult to understand how this claim would be paid.

MEMORANDUM DECISION — 2

Subsection 330(a)(1) states:

> After notice to the parties in interest and the United States Trustee and a hearing, **and subject to sections 326, 328, and 329**, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—
>   (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>   (B) reimbursement for actual, necessary expenses.

*Id.* (emphasis added).

Thus, to determine if an award of compensation can be made under § 330(a)(1), the Court must review §§ 326, 328, and 329 of the Bankruptcy Code. Starting in reverse order, § 329 is not applicable as it addresses transactions between a debtor and attorneys representing the debtor. Similarly, § 328 is not applicable as it addresses limitations on the compensation of professionals the trustee or a committee may employ or situations where a bankruptcy court has allowed the trustee to be employed as an attorney or accountant. But § 326 is applicable to trustees appointed in cases under subchapter V of chapter 11 ("hereinafter referred to as "subchapter V") as it imposes limitations on the compensation of that trustee.

Two subsections of § 326 must be examined. Subsection (a) specifically excludes payment for trustee services in subchapter V. Thus, the percentage payments authorized for a chapter 7 trustee or a trustee in other chapter 11 cases does not apply in subchapter V, rendering those percentages inapplicable here.

MEMORANDUM DECISION — 3

> Subsection (b), however, is not so easily eliminated. That subsection states:
>
> (b) In a case under *subchapter V of chapter 11* or chapter 12 or 13 of this title, the court may not allow compensation for services or reimbursement of expenses of the United States trustee or of a standing trustee appointed under section 586(b) of title 28, **but may allow reasonable compensation under section 330 of this title of a trustee appointed under section 1202(a) or 1302(a) of this title** for the trustee's services, payable after the trustee renders such services, not to exceed five percent upon all payments under the plan.

*Id.* (emphasis added: the italicized words were added as part of the amendments made by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, 133 Stat. 1079; the bold font is added by the Court).

The portion of the statutory language preceding the second comma is easily addressed. As stated above, the Trustee was not appointed under 28 U.S.C. § 586(b) and therefore is not a standing trustee. Thus, that portion of the statute is not applicable to the case at bar. But what about the text following the second comma, emphasized in bold font above? At first blush, this language appears to only allow reasonable compensation under § 330 if a trustee is appointed in a case filed under chapter 12 or chapter 13. There is not a reference to a trustee in subchapter V in this portion of the statute. The language quoted above following the bold font also caps compensation for a trustee at five percent in chapter 12 and chapter 13 cases. As such, this subsection concerning non-standing trustees in subchapter V may be subject to three interpretations.

The first interpretation is that no compensation should be allowed under subsection 330 to subchapter V trustees, and only chapter 12 and chapter 13 trustees may qualify. The Court concludes that this is not a plausible reading of the statute. It is a

MEMORANDUM DECISION — 4

well-established canon of statutory construction that "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302, 320, 134 S. Ct. 2427, 2442, 189 L. Ed. 2d 372 (2014). Moreover, a court is to infer that Congress did not intend to make any portion of a statute superfluous, and therefore "we must give effect to every word of a statute wherever possible." *In re Pangang Grp. Co., LTD.*, 901 F.3d 1046, 1056 (9th Cir. 2018) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 12, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004)).

To interpret § 326 as permitting no compensation to subchapter V trustees would eliminate not only the language in subsection 330(a)(1), quoted above, but other subsections of the Code for subchapter V trustees as well. For example, it would make § 1194(c), which authorizes a trustee to pay fees owed to the subchapter V trustee, inapplicable to non-standing trustees. Thus, the Court concludes this reading of § 326(b) does not present a bar to the Trustee to obtain compensation under § 330(a)(1).

The second reading of the bolded portion of § 326(b) is that Congress only intended to place a percentage limitation on compensation to trustees who are not standing trustees in chapter 12 and chapter 13 and not to impose that cap on trustees in subchapter V. One could argue that, by adding the italicized words "subchapter V of chapter 11," Congress modified § 326(b) in such a way as to both preclude the compensation of standing trustees under § 330(a)(1), and to impose limitations on compensation for non-standing chapter 12 and 13 trustees only, leaving a non-standing subchapter V trustee's compensation without limit. The addition of the italicized words

MEMORANDUM DECISION — 5

in the 2019 amendments has meaning if Congress wanted to limit the compensation of standing subchapter V trustees only.

The third reading of the language in subsection 326(b) emphasized above is that Congress intended not only to limit compensation under § 330 for all standing trustees in chapter 12, 13, and subchapter V, but also intended to cap the fees of trustees that are not standing trustees in chapter 12, 13 and subchapter V.  To reach this result, however, requires the Court to insert words into the statute that Congress did not include.  This reading would require the Court to write in the words "section 1183(a)" or something similar to effectuate it.  The Court agrees that the inclusion of those words would not only be logical, but also would make subchapter V trustee compensation the same as that in chapter 12 and 13.  It seems likely that the intent of Congress was to make trustee compensation in subchapter V mirror that in chapters 12 and 13.  However, there is a "difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted." *Lamie v. U.S. Tr.,* 540 U.S. 526, 538, 124 S. Ct. 1023, 1032, 157 L. Ed. 2d 1024 (2004) (quoting *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 625, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978)).  This Court believes legislative drafting is the province of Congress and not the courts, and "the Court is not free to rewrite the statute that Congress has enacted." *Dodd v. United States*, 545 U.S. 353, 354, 125 S. Ct. 2478, 2479–80, 162 L. Ed. 2d 343 (2005). "It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Lamie,* 540 U.S. at 534, 124 S. Ct. at 1030 (quoting *Hartford*

MEMORANDUM DECISION — 6

*Underwriters Ins. Co. v. Union Planters Bank, N. A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)).

As such, because the language of the statute can be enforced as written and does not make the amendment absurd, the Court concludes that § 326(b) does not prevent an award of compensation to the Trustee under § 330(a)(1), nor does it place a cap such compensation.

## *Conclusion*

The Trustee's Application is approved, and he shall be awarded compensation in the amount of $1,920.00 under 11 U.S.C.§ 330(a)(1).  This is an allowed administrative expense under 11 US.C.§ 503(b)(2) and the Trustee may pay the claim pursuant to 11 U.S.C. §§ 1194(a) and (c).  The Court also concludes that 11 U.S.C. § 326(b) does not impose a 5% cap on this compensation under these facts.

A separate order will be entered.



DATED:  December 7, 2020

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM DECISION — 7